## Karasinski v. Rosenberger

*Martin J. Heiligman,* for plaintiff.
*Malcolm H. Waldron, Jr.,* for defendant.

RIBNER, J., June 7, 1974.—On January 16, 1974, a three-lawyer panel of arbitrators awarded the sum of $981.34 to plaintiff against defendant for property damage sustained by plaintiff as a result of a motor vehicle collision which occurred on July 24, 1973. Plaintiff's bailee was operating plaintiff's vehicle at the time of the accident. Defendant had not joined the operator of plaintiff's motor vehicle as an additional defendant nor did defendant allege any negligence on the part of the bailee. The sole issue, therefore, before the arbitrators was whether or not defendant was negligent in a manner which contributed to the accident.

A review of the history of the case reveals that after plaintiff's complaint had been filed, defendant filed an entry of appearance but no answer. Thereafter, on October 9, 1973, defendant filed 38 interrogatories, all of which were answered on October 24, 1973, by plaintiff, setting forth in detail the items of damage.

On January 22, 1974, plaintiff filed a bill of costs in the amount of $53.

On February 11, 1974, defendant filed an appeal from arbitration. On February 13, 1974, plaintiff's counsel received a draft from defendant in the amount of $53 with the following endorsement thereon:

"NOTICE TO BANKS—This draft cannot be paid unless the following release (without alteration) is signed by all payees and signatures guaranteed. By acceptance and endorsement of this draft the payee or payees agree that the sum received is in full and final settlement of any and all claims, suits or causes of action arisen or to arise against Safeguard Mutual Insurance Company and insured named on the face hereof by reason of the accident or loss identified on the reverse hereof."

Upon the face of the draft there appears the notation "Combination Draft and Release," the assured is listed as "E. Rosenberger," defendant in this case, the claim number is set forth as "5736," policy number, "ACA 11016," claimant, "Karasinski," who is plaintiff in this action, the date of loss, "7/24/73," and the check is signed by an agent for Safeguard Mutual Insurance Company, payable to McAllister and Reif, plaintiff's attorneys.

Thereafter, plaintiff filed a motion to strike defendant's appeal from the report and award of arbitrators and an answer thereto was filed by counsel for defendant, who is also counsel for Safeguard Mutual Insurance Company. Paragraphs 6 to 10, inclusive,

of plaintiff's motion, all of which were admitted by defendant's answer, are as follows:

"6. That, at the arbitration hearing held on January 18, 1974, Plaintiff was entitled to a verdict against Defendant in the full amount of the property damage if the arbitrators found negligence on the part of Defendant which contributed to the accident.

"7. That, at the arbitration hearing, two independent eye witnesses, one of whom was studying to be a Catholic Priest, as well as the bailee and his passenger, testified that the accident was caused by Defendant driving his motor vehicle through a red traffic signal.

"8. That the only witness who testified on behalf of Defendant was Defendant.

"9. That Plaintiff proved the amount of the property damage by producing a property damage estimate in the amount of $981.34.

"10. That Defendant did not introduce any evidence regarding the property damage. In fact, in Defense Counsel's opening statement, he said that the matter was being contested on the issue of liability only."

Defendant claims before this court that he has a right to a trial by jury and he has the right to have all witnesses testify in court with a stenographer present and, further, has the right to have plaintiff prove any damages by competent expert testimony. Defendant, therefore, denies plaintiff's allegation that the appeal from the arbitrators' award was taken merely for the purpose of delay.

On March 8, 1974, upon consideration of the motion and the record and defendant's answer, this court granted the motion and ordered defendant's appeal stricken; in effect, quashing the appeal.

The $53 draft sent to plaintiff's counsel did not

constitute an unconditional tender of costs within the time required by the statute. Although this court did not grant the motion because of the intent to merely delay payment to plaintiff which the record would seem to indicate was defendant's intention, the court cannot close its eyes to the realities of the situation. After an analysis of the facts in the case, the testimony and evidence adduced at the hearing and certain other facts involving Safeguard Mutual Insurance Company, this court can only conclude that there are no equitable reasons whatever which would impel a court to refuse to quash the appeal where the law requires the appeal to be set aside in a case such as this. On the contrary, it would be most inequitable and unfair to plaintiff to ignore the law and allow defendant to have a complete jury trial in this case. There is no question but that the bailor of the vehicle was entitled to full recovery for damages as a matter of law where the arbitrators believed that defendant was negligent. When defendant claims that he is entitled to have damages proved by competent experts, this is diametrically opposed to the statement by defendant's counsel at the hearing that the issue of damages was not being contested and the sole issue before the arbitrators was that of liability. This court can only conclude, from defendant's statement that he wishes to see evidence as to the damages, that this is an indication that the purpose of the appeal was to prevent payment to plaintiff for as long a time as possible.

It is a matter of public record, and this court has pleadings before it in other matters so stating, that Safeguard Mutual Insurance Company has been suspended from operation by the Insurance Commissioner of Pennsylvania. Further, this court has issued a preliminary injunction preventing Safeguard from cancelling coverage for failure of insured parties to

pay assessments and that order was upheld by the Pennsylvania Supreme Court. This court also has pending before it an action to have Safeguard and its officers declared in contempt of court for failing to obey the injunction.

The court is not unmindful of the majority opinion in the case of Meta v. Yellow Cab Co. of Phila., 222 Pa. Superior Ct. 469 (1972), wherein the majority opinion discusses the desirability of arriving at a just result and ignoring technicalities in order to avoid a harsh result. However, in the instant case, this court, by its order quashing the appeal, brought about a fair and just result. There is obviously no merit whatever in the appeal and to waste further time with a complete jury trial under the guise of providing defendant with a constitutionally guaranteed jury trial would be to ignore plaintiff's rights.

The legislature of Pennsylvania has provided that an appeal can be taken from an award of arbitrators provided that costs are paid within 20 days from the entry of the award.

"IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket", Act of June 16, 1836, P. L. 715 as amended, 5 PS §71.

The statute does not allow any conditional payment but requires absolute payment to the appellee in that situation, and the draft forwarded in the instant matter cannot, by any stretch of the imagination, be considered an unconditional payment. The draft contains a full release, the release on the draft is unmistakable in that it constitutes a complete release from any claims whatsoever, in the past or in the future, which have arisen out of the loss identified on the draft. The information on the draft clearly identifies the accident by date, names of parties and claim

number. It would have been foolhardy for plaintiff or plaintiff's counsel to endorse that draft. It is no answer by defendant to contend that since the attorneys for plaintiff were the payees, plaintiff was not thereby releasing any claim. Plaintiff's counsel might have some further claim in this matter and was under no obligation to release any claims he might have. In any event, this court is not completely convinced that plaintiff's counsel couldn't grant a full release on behalf of plaintiff by endorsing that check. At the very best, plaintiff's counsel would have further lawsuits as a result. If defendant had wished to pay the costs as required by statute, he could have done so without including any release on the draft or by removing the release and initialing the change.

The Meta case, supra, is clearly distinguishable with regard to the facts which were before this court in that the court in Meta had before it an unqualified payment of part of the costs and a statement by the appealing party to opposing counsel that if the amount of the costs was not correct, counsel would be happy to forward any additional amount. In this case, the costs were substantial in view of the amount at issue, which was limited to clearly verified property damage in an amount uncontested at the earlier hearing, and there was absolutly no payment tendered to plaintiff because of the nature of the draft and release contained therein. To rule otherwise in this case and to allow the appeal to result in a jury trial would be to ignore the clearcut mandate of the legislature and would result in slashing through substance in order to get right down to the form. The appeal in this case was properly quashed in view of the law and the equities involved.